UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCURY MULTIFAMILY MANAGEMENT, LLC AND MERCURY METROPLEX REAL ESTATE II, LLC, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:16-cv-02557 |
| PELEUS INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, AND RIDGE BRENTON KIRN, | § § § § | |
| Defendants. | § § | |

## DEFENDANT PELEUS INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Steven J. Badger
Texas Bar No. 01499050
sbadger@zelle.com
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zelle.com
Tyler J. McGuire
Texas Bar No. 24098080
tmcguire@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT
PELEUS INSURANCE COMPANY**

## TABLE OF CONTENTS

**Contents**                                                                                          **Page**

I.   INTRODUCTION ...............................................................................................3

II.  BASIS FOR REMOVAL...................................................................................4

    A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and Peleus...................................................................................................................4

       (1) Plaintiffs improperly joined Kirn as a defendant to defeat this court's diversity jurisdiction.........................................................................................................................5

       (2) The sparse and conclusory allegations in Plaintiffs' Petition fail to establish a reasonable possibility of recovery against Kirn. ...............................................................6

       (3) Kirn cannot be held liable for alleged violations of Texas Insurance Code § 541.060 under the facts alleged in Plaintiffs' Petition. ...................................................................7

       (4) Kirn cannot be held liable for alleged violations of Texas Insurance Code § 541.061 under the facts alleged in Plaintiffs' Petition. ...................................................................9

       (5) Kirn cannot be held liable for alleged violations of Chapter 542 of the Texas Insurance Code .............................................................................................................10

       (6) Plaintiffs cannot recover "Punitive Damages for Bad Faith" from Kirn. .................11

    B. Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000. ..............................................................................12

III. CONCLUSION.................................................................................................12

Defendant Peleus Insurance Company ("Peleus") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

## I.
## <u>INTRODUCTION</u>

1.     Plaintiffs Mercury Multifamily Management, LLC and Mercury Metroplex Real Estate II, LLC ("Plaintiffs") commenced this lawsuit on July 11, 2016 by filing Plaintiffs' Original Petition & Jury Demand ("Petition") in the 134th Judicial District Court of Dallas County, Texas – Cause No. DC-16-08248.

2.     Plaintiffs' Petition, which includes a jury demand, names Peleus, Engle Martin & Associates, Inc. ("EMA"), and Ridge Brenton Kirn ("Kirn") as defendants.

3.     Plaintiffs purport to have served Peleus with Plaintiffs' Petition on August 4, 2016 (by serving Peleus' "Claims Manager" via certified mail, return receipt requested).

4.     Peleus thus files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

5.     As set forth in the Certificate of Conference below, Defendant EMA consents to the removal of this action from the 134th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

6.     Defendant Kirn need not consent to removal as Peleus contends Kirn was improperly joined as defendants in this action.[1]

---

[1]     *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

## II.
## BASIS FOR REMOVAL

7.     Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8.     Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.     Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and Peleus.**

9.     Plaintiff Mercury Multifamily Management, LLC is a Texas limited liability company with its principal place of business in Arlington, Texas.  Its members/managers are Bryan K. White (a Texas citizen) and Eric Fickel (a Texas citizen). Plaintiff Mercury Multifamily Management, LLC is thus a citizen of Texas for diversity jurisdiction purposes.

10.    Plaintiff Mercury Metroplex Real Estate II, LLC is a Texas limited liability company with its principal place of business in Arlington, Texas.  Its members/managers are Bryan K. White (a Texas citizen) and Eric Fickel (a Texas citizen). Plaintiff Mercury Metroplex Real Estate II, LLC is thus a citizen of Texas for diversity jurisdiction purposes.

11.    Defendant Peleus Insurance Company is an insurance company incorporated in the State of Virginia with its principal place of business in Richmond, Virginia.  Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

12.    Defendant EMA is a corporation organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia.  EMA is thus citizen of Georgia for diversity jurisdiction purposes.

13.     Ridge Brenton Kirn is a resident of the State of Texas and has been improperly joined as a defendant in this action to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiffs will be able to establish a cause of action against Kirn in this lawsuit.

14.     Because Kirn was improperly joined as a defendant in this action, his citizenship should be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiffs and Peleus (now and on the date Plaintiffs filed this lawsuit).

*(1)     Plaintiffs improperly joined Kirn as a Defendant to defeat this court's diversity jurisdiction.*

15.     Improper joinder is established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[2] Under this second approach, which applies here, a defendant claiming improper joinder must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[3]

16.     When evaluating a plaintiff's reasonable possibility of recovery, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[4] And, if the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.[5] This analysis

---

[2]     *Michels v. Safeco Ins. Co. of Indiana,* No. 13-50321, 544 Fed. Appx. 535, 538, 2013 WL 5935067, *3 (5th Cir. Nov. 6, 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.32d 329, 333 (5th Cir. 2004)) (emphasis in original).

[3]     *Id.* (quoting *Smallwood,* 385 F.3d at 573.

[4]     *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[5]     *Id.*

"necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly,* [550 U.S. 544, 547 (2007)]."[6]

17.     Under a Rule 12(b)(6) analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.[7] "Factual allegations must be enough to raise a right to relief above the speculative level."[8] Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.[9] Indeed, as the United States Supreme Court has stated, a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[10] Finally, to pass muster under a Rule 12(b)(6) analysis, the factual allegations in a petition must state a claim for relief that is plausible on its face.[11] Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct.[12]

> ***(2)     The sparse and conclusory allegations in Plaintiffs' Petition fail to establish a reasonable possibility of recovery against Kirn.***

---

[6]     *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

[7]     *See Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[8]     *Id.* (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

[9]     *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[10]    *Ashcroft,* 556 U.S. at 678 (2009).

[11]    *See Twombly,* 550 U.S. at 565.

[12]    *See id.*

---

2feab74e74daed11

18.     Under this standard, it is clear that Plaintiffs' Petition fails to establish a reasonable possibility of recovery against Kirn. Indeed, rather than alleging specific facts against Kirn which (if established) would lead to individual liability, Plaintiffs have articulated only non-specific and conclusory allegations against Kirn together with near-verbatim quotations of statutory provisions that Plaintiffs contend Kirn violated.[13]   These "naked assertions devoid of further factual enhancement" fall fatally short of stablishing a viable cause of action against Kirn under Texas law.[14]

### (3)     Kirn cannot be held liable for alleged violations of Texas Insurance Code § 541.060 under the facts alleged in Plaintiffs' Petition.

19.     In addition to being hopelessly vague, Plaintiffs' allegations against Kirn fail for yet another reason:  The courts of this District have repeatedly held that adjusters – like Kirn – cannot be held liable on the claims asserted in Plaintiffs' Petition.  Plaintiffs' Petition alleges (in collective and conclusory fashion) that Peleus, EMA, and Kirn committed the following violations of Section 541 of the Texas Insurance Code:

- Section 541.060(a)(2)(A) – failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

---

[13]   *See* Plaintiffs' Petition at ¶¶4.4 and 5.1-5.9.

[14]   *Ashcroft,* 556 U.S. at 678 (2009); *see also See Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999)*; Patel v. Acceptance Indem. Ins. Company,* No. 4:15-CV-944-A, 2016 WL 361680, at *3 (N.D. Tex. Jan 28, 2016) (McBryde, J.) (holding that substantially similar allegations against in-state adjuster "[were] nothing more than mere conclusions," thus making the plaintiff's lawsuit "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court"); *Weber Paradise Apartments, LP v. Lexington Ins. Co.*, 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'").

---

- Section 541.060(a)(7) – refusing to pay a claim without conducting a reasonable investigation.[15]

However, the courts of this District have found each of these allegations insufficient to support an independent cause of action against adjusters like Kirn.

20.     Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[16] "But for an adjuster to be held individually liable, [he] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage."[17]

21.     This is true of Plaintiffs' contention that Kirn violated Section 541.060(a)(2)(A) of the Texas Insurance Code by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy [was] reasonably clear"[18] – a section of the Texas Insurance Code under which the courts of this District have held adjusters cannot be held liable.[19] Plaintiffs' Petition thus fails to state a claim against Kirn for purported violations of Section 541.060(a)(2)(A).

22.     Plaintiffs are also prohibited from recovering against Kirn under Texas Insurance Code § 541.060(a)(7), which provides for potential liability against an insurer who "refus[es] to

---

[15]   *See* Plaintiffs' Petition at ¶¶5.2 and 5.5.

[16]   *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[17]   *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v. State Farm Lloyds*, No. 4:15–CV–565–A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

[18]   *See* Plaintiffs' Petition at ¶5.2.

[19]   *Messersmith*, 10 F.Supp.3d at 724.

---

pay a claim without conducting a reasonable investigation with respect to that claim." [20]  As the courts of the Northern District have recognized:

> Like § 541.060(a)(2), the bad behavior that [§ 541.060(a)(7)] targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation. [21]

Plaintiffs' Petition thus falls short of establishing a possibility of recovery against Kirn under Section 541.060(a)(7) of the Texas Insurance Code.

### (4)    Kirn cannot be held liable for alleged violations of Texas Insurance Code § 541.061 under the facts alleged in Plaintiffs' Petition.

23.    Plaintiffs' claims against Kirn under Texas Insurance Code §§ 541.061(1)-(3) likewise fail. With respect to these statutory provisions, each of which concerns the misrepresentation of an insurance policy, Plaintiffs' Petition makes the following boilerplate allegations:

> Peleus, Engle Martin, and Kirn misrepresented the insurance policy under which it affords Property coverage to Plaintiffs, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061(1). Peleus, Engle Martin, and Kirn misrepresented he insurance policy to Plaintiffs, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061(1). [22]

> Peleus, Engle Martin, and Kirn misrepresented the insurance policy under which it affords property coverage to Plaintiffs by failing to state a material fact that is necessary to make other statements made not misleading in violation of Texas Insurance Code Section 541.061(2). Peleus, Engle Martin, and Kirn misrepresented the insurance policy to Plaintiffs by failing to state a material fact that

---

[20]   TEX. INS. CODE § 541.060(a)(7).

[21]   *Mainali Corp. v. Covington Specialty Ins. Co.,* No. 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (quoting *Messersmith*, 10 F.Supp.3d at 725) (internal brackets omitted).

[22]   Plaintiffs' Petition at ¶5.6.

is necessary to make other statements made not misleading in violation of Texas Insurance Code Section 541.061(2)[23]

Peleus, Engle Martin, and Kirn misrepresented the insurance policy under which it affords property coverage to Plaintiffs, by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061(3) and Texas Insurance Code Section 541.002(1). Peleus, Engle Martin, and Kirn misrepresented the insurance policy to Plaintiffs, by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061(3) and Texas Insurance Code Section 541.002(1)[24]

But, as the courts of this District have concluded, these exact allegations – all of which are mere recitations of statutory language – are too conclusory to provide the Court with a reasonable basis to predict that Plaintiffs can recover against Kirn under Sections 541.061(1)-(3). [25]  In short, Plaintiffs' allegations set forth only a theoretical possibility that Kirn could be held liable under these sections and, therefore, fail to state a claim under Section 541.061(1)-(3).[26]

> **(5)** ***Kirn cannot be held liable for alleged violations of Chapter 542 of the Texas Insurance Code .***

24.     Plaintiffs also miss the mark with their claims under Chapter 542 of the Texas Insurance Code – *i.e.,* Texas' Prompt Payment of Claims Act. Plaintiffs' Petition seeks recovery

---

[23]   Plaintiffs' Petition at ¶5.7.

[24]   Plaintiffs' Petition at ¶5.8.

[25]   *See Meritt Buffalo Events Center, LLC v. Central Mutual Insurance Company,* No. 3:15-CV-3741-D, 2016 WL 931217, at *5 ( N.D. Tex. Mar. 11, 2016) (Fitzwater, J.) (holding that virtually identical allegations were too conclusory to provide the Court  with a reasonable basis to predict that plaintiff could recover against individual adjusters); *Mainali Corp.*, 2015 WL 5098047, at *5.

[26]   *See Meritt Buffalo Events Center,* 2016 WL 931217, at *5; *Mainali Corp.*, 2015 WL 5098047, at *5; *Smallwood*, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery").

from Kirn under Section 542.060 of the Texas Insurance Code for alleged violations of Sections 542.055(a)(1), 542.055(a)(2-3), 542.056(a), and 542.058(a).[27] However, as the courts of this District have aptly noted, "the Prompt Payment of Claims Act applies only to insurers"[28] – not individual adjusters like Kirn.  As a result, Plaintiffs' Petition fails to establish a reasonable probability of recovery from Kirn under any section of Chapter 542.

### (6)    Plaintiffs cannot recover "Punitive Damages for Bad Faith" from Kirn.

25.    Recognizing that Kirn is not a party to the insurance policy under which Plaintiffs' seek coverage, Plaintiffs' Petition does not assert claims against Kirn for breach of contract or the common-law duty of good faith and fair dealing.[29] However, Plaintiffs nevertheless seek "Punitive Damages for Bad Faith" against Kirn for "denying Plaintiffs' claim for benefits."[30] This claim – like each of Plaintiffs' other claims against Kirn – necessarily fails.

26.    Under Texas law, "an award of punitive damages is not a separate cause of action."[31] Further, "Texas, like the majority of states, limits punitive damages to cases in which actual compensatory damages are found."[32] Because Plaintiffs did not allege a claim for breach of the common-law duty of good faith and fair dealing against Kirn, Plaintiffs have no reasonable

---

[27]    See Plaintiffs' Petition at ¶¶6.2-6.5 and 7.1-7.2.

[28]    Messersmith, 10 F. Supp. 3d at 723 (N.D. Tex. 2014); Tex. Ins. Code § 542.052.

[29]    See Plaintiffs' Petition at ¶¶8.1-9.2; see also Natividad v. Alexsis, Inc., 875 S.W.2d 695, 698 (Tex. 1994) (holding agents and contractors hired by a carrier do not have contractual privity with the insureds, and consequently, are not held to the common-law duty of good faith and fair dealing).

[30]    Plaintiffs' Petition at ¶10.2.

[31]    Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc., 257 F.3d 449, 461 (5th Cir. 2001).

[32]    Schulman v. Schulman, No. 3:12–cv–4835–N–BN 2013 WL 875222, at *3 (N.D. Tex. Feb. 11, 2013) (citing Lanier v. Salas, 777 F.2d 321, 325 (5th Cir. 1985)).

basis for recovery of punitive damages against Kirn for any purported bad-faith denial of Plaintiffs' claim for benefits.

**B.** **Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

27.     If it is facially apparent that Plaintiffs' claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Peleus' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[33]

28.     Here, Plaintiffs' Petition states that Plaintiffs seek to recover damages in excess of $1,000,000 in this lawsuit.[34] It is thus facially apparent that Plaintiffs' claims exceed this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

29.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

30.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

a.     an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

b.     a copy of the docket sheet in the state court action;

c.     each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

---

[33]     *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[34]     Plaintiffs' Petition at ¶3.3.

       d.     a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

31.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Peleus Insurance Company requests that this action be removed from the 134th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

ZELLE LLP

By:   */s/ James W. Holbrook, III*
       Steven J. Badger
       Texas Bar No. 01499050
       sbadger@zelle.com
       James W. Holbrook, III
       Texas Bar No. 24032426
       jholbrook@zelle.com
       Tyler J. McGuire
       Texas Bar No. 24098080
       tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT PELEUS INSURANCE COMPANY**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on September 6, 2016, I conferred with Stephen R. Wedemeyer, counsel of record for Defendant Engle Martin & Associates, Inc. ("EMA") regarding the general substance of this Notice of Removal, and Mr. Wedemeyer advised me that EMA consents to the removal of this action from the 134th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

*/s/ James W. Holbrook, III*
James W. Holbrook, III

## CERTIFICATE OF SERVICE

On September 6, 2016, I served a true and correct copy of Defendant Peleus Insurance Company's Notice of Removal was served upon all known counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

| | |
|---|---|
| Jeffrey L. Raizner | Stephen R. Wedemeyer |
| Andrew P. Slania | swedemeyer@winstead.com |
| Amy Bailey Hargis | **WINSTEAD PC** |
| **RAIZNER SLANIA, LLP** | 1100 JPMorgan Chase Tower |
| 2402 Dunlavy Street | 600 Travis Street |
| Houston, TX  77006 | Houston, Texas 77002 |
| Telephone:    713-554-9099 | Telephone:    713-650-8400 |
| Facsimile:    713-554-9098 | Facsimile:    713-650-8400 |
| efile@raiznerlaw.com | ***Attorneys for Defendant*** |
| ***Attorneys for Plaintiffs*** | ***Engle Martin & Associates, Inc.*** |

*/s/ James W. Holbrook, III*
James W. Holbrook, III
