IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MERCURY MULTIFAMILY MANAGEMENT, LLC AND MERCURY METROPLEX REAL ESTATE II, LLC | § § § § |
| *Plaintiff* | § § |
| V. | § CIVIL ACTION NO. 3:16-cv-02557 § |
| PELEUS INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, AND RIDGE BRENTON KIRN | § § § § |
| *Defendants* | § |

## PLAINTIFFS' OPPOSED MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FITZWATER:

Come now Plaintiffs MERCURY MULTIFAMILY MANAGEMENT, LLC and MERCURY METROPLEX REAL ESTATE II, LLC (hereinafter referred to as "Mercury" or "Plaintiffs") and respectfully move to remand this case to the 134th Judicial District Court of Dallas County, Texas, and in support thereof would respectfully show the Court the following:

### NATURE OF CASE AND SUMMARY OF RELIEF REQUESTED

1. On July 11, 2016, Mercury Multifamily Management, LLC And Mercury Metroplex Real Estate II, LLC., filed suit against Defendants Peleus Insurance Company ("Peleus"), Engle Martin & Associates ("Engle"), and Ridge Brenton Kirn ("Kirn") for violations of the Texas Insurance Code (as well as other contract and common-law claims) as a result of the unlawful handling and ultimate delay of Plaintiffs' insurance claim arising out of a wind and hail storm on or about March 17, 2016.[1] Peleus removed the case claiming improper

---

[1] *See* Appendix at p. 79

joinder of adjuster Ridge Brenton Kirn, a Texas resident.[2]

2. In order for the Court to accept Defendant's position, it must agree that Defendant has met its heavy removal burden in proving that no reasonable possibility of recovery exists against Kirn under Texas law. Because Peleus cannot show that no reasonable possibility of recovery exists against Kirn—and in fact, Plaintiffs' petition and supporting documents demonstrate otherwise—Peleus' removal efforts fail to meet the heavy removal burden. Therefore, Plaintiffs respectfully request that the Court remand this case back to state court.

## REMOVAL & IMPROPER JOINDER STANDARD

3. A defendant is permitted to remove an action filed in state court to federal court only if the action is one which would have properly been filed in federal court.[3] "Because removal raises significant federalism concerns, the removal statute is strictly construed."[4] An action is properly filed in federal court if the federal court has original jurisdiction over the matter, such as diversity jurisdiction.[5] A party that removes a case on the basis of diversity jurisdiction, claiming improper joinder of a local defendant, bears the burden of demonstrating that removal is proper.[6] "The effect of removal is to deprive the state court of an action properly before it..."[7] "The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on those who claim fraudulent joinder is a heavy one."[8]

---

[2] Peleus removed the case on September 6, 2016 to the Northern District of Texas, Dallas Division.
[3] 28 U.S.C. § 1441(a).
[4] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).
[5] *See id.*; 28 U.S.C. § 1332(a).
[6] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc).
[7] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *2 (N.D. Tex. Aug. 31, 2015).
[8] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *see also Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

Any doubts concerning removal must be resolved in favor of remand.[9] The Fifth Circuit applies a *de novo* review standard to a district court's remand decision.[10] Here, the record demonstrates that Peleus has failed to meet its removal burden under the improper joinder framework. Remand of this case is therefore proper.

**ARGUMENTS AND AUTHORITIES**

    *A. Improper Joinder Standard.*

    4.    Recently, in *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, the 5th Circuit clarified that for the improper joinder analysis, pleadings must satisfy the federal pleading standard.[11] Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable federal standards of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."[12] Although a pleading need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action.[13]

    5.    Defendant properly indicates, that when evaluating a plaintiff's reasonable possibility of recovery, the Court may conduct "a Rule 12(b)(6) *type* analysis"[14] However, in the arguments that followed, Defendant attempted to minimize its burden and cited the more stringent Motion to Dismiss standard in a series of cases involving matters such as antitrust

---

[9] *Gutierrez*, 543 F.3d at 251.
[10] *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 272 (5th Cir. 2009).
[11] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016).
[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks and ellipsis omitted) as cited in *Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 WL 11474841, at *4 (N.D. Tex. Sept. 25, 2014).
[13] *Twombly* at 555 & n.3. *Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 WL 11474841, at *4 (N.D. Tex. Sept. 25, 2014).
[14] Defendant's Motion to Remand at 5 (emphasis added)

conspiracy and securities fraud. Defendant, citing a conspiracy allegation, argues that in order to avoid removal, Plaintiff is required to meet the plausibility standard, specifically, "Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct."[15]

6.    The correct standard, as stated in the majority of improper joinder cases, indicate that, in analyzing Plaintiff's claims, the analysis does not focus on whether the plaintiff "will actually or even probably prevail on the merits of the claim," but whether there is "a *possibility* that the plaintiff may do so."[16] In the absence of actual fraud, a removing party attempting to establish improper joinder bears the "heavy" burden to prove that there is no reasonable possibility the plaintiff can establish a cause of action against the non-diverse defendant.[17] Further, ambiguities or doubts are to be construed against removal and in favor of remand.[18]

7.    Further, the Texas Supreme Court has held that the business of insurance "includes the investigation and adjustment of claims and losses."[19] Because Texas law recognizes that an adjuster can potentially be liable for Texas Insurance Code violations, the sole issue before this Court is whether Plaintiffs have stated a viable claim against Kirn. If so, then Kirn was properly joined, and this Court must grant Plaintiffs' Motion to Remand for lack of diversity jurisdiction.[20]

   ***B. Under the 12(b)(6)-type Analysis, Plaintiff's Factual Allegations Sufficiently***

---

[15] Defendant's Motion to Remand at 6 citing *Twombly* at 565.
[16] *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997) (emphasis added). *Sai Hotel Grp. Ltd. v. Steadfast Ins. Co.*, No. CIV.A. W-15-CV-263, 2015 WL 6511434, at *3 (W.D. Tex. Oct. 27, 2015)
[17] *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 649.
[18] *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *2 (S.D. Tex. July 11, 2016).
[19] *Martinez v. State Farm Lloyds*, No. 3:16-CV-00040-M, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016) citing *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998).
[20] *Martinez v. State Farm Lloyds*, No. 3:16-CV-00040-M, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016) citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 102 (5th Cir. 2016)

*Provide a Possibility of Recovery Against Texas Defendant, Ridge Brenton Kirn.*

8.     In looking at whether a plaintiff states a claim under state law against a local defendant, the federal court conducts a "Rule 12(b)(6)-*type* analysis."[21] When conducting this analysis, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case.[22] All allegations are viewed in the light most favorable to the plaintiff and all contested issues of substantive fact must be resolved in the plaintiff's favor.[23]

9.     Several courts, including this one, have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under Tex. Ins. Code §541.060(a)(2), based on the adjuster's ability to affect or bring about the settlement of a claim.[24]

10.    Recently, the Western District of Texas remanded a case substantially similar to this one where the petition sufficiently alleged a claim against the in-state defendant, an insurance adjuster.[25] The court stated as follows:

> In the Original Petition, Plaintiff alleges causes of action under the Texas Insurance Code and the Texas Deceptive Trades Practices Act, as well as claims based upon breach of contract, breach of the duty of good faith and fair dealing, and fraud. As previously noted, the state court petition must provide a reasonable basis for recovery on just one cause of action against the allegedly improperly joined defendant for diversity to be destroyed.
>
> Section 541.151 of the Texas Insurance Code permits an individual who has sustained "actual damages" to bring an action "against another person for those damages caused by the other person engaging in . . . an unfair or deceptive act or

---

[21] *Smallwood*, 385 F.3d at 573.
[22] 28 U.S.C.A. § 1441(b)(2); Fed. R. Civ. P. 12(b)(6), *International Energy Ventures Management, L.L.C.*, 818 F.3d 193
[23] *Smallwood*, 385 F.3d at 573.
[24] See *Martinez*, 2016 WL 4427489, at *3(Lynn, J.); *Manziel v. Seneca Ins. Co., Inc.*, No. 3:15-CV-03786-M, 2016 WL 3745686, at *3 (N.D. Tex. July 13, 2016) (Lynn, J.); *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, No. A-15-CA-843-SS, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015); *Denley Grp., LLC v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1183-B, 2015 WL 5836226, at *3–4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay)
[25] *SAI Hotel Group Ltd.*, 2015 U.S. Dist. LEXIS 145637, at *10.

practice in the business of insurance." An insurance adjuster is specifically included under the definition of "person" under the Insurance Code. Tex. Ins. Code § 541.002(2). An "unfair or deceptive act or practice in the business of insurance" includes engaging in a variety of numerated "unfair settlement practices." Id., §§ 541.060(a); 541.151.

11. Similarly, in *Benton*, the plaintiff property owner filed suit against Lexington as well as the third party adjusting firm and the adjuster responsible for adjusting his claim.[26] Lexington filed a Notice of Removal, claiming the Texas-resident adjuster was improperly joined. After considering Benton's Motion to Remand, the court explained it is the carrier's "heavy burden to establish with certainty that the plaintiff has *no reasonable possibility* of recovery against [adjuster] individually."[27] Because the carrier failed to provide any "evidence from which [the court] could forecast that the plaintiff has no reasonable possibility of recovery against [adjuster] in state court," it failed to carry its burden of proving improper joinder and the case was properly remanded back to state court.[28]

12. Texas' recognition of a licensed adjuster's liability for improperly handling, adjusting and investigating the claim of an insured placed in its control has been repeatedly underscored, and federal courts applying Texas law have also consistently found that individual adjusters are liable for their actions.[29] In the same vein, the Texas Supreme Court has made it clear that an employee is personally liable for his violations of the DTPA, even where the employee did not know the representations made on behalf of his employer were false.[30]

---

[26] *Benton v. Lexington Ins. Co.*, No. 4:12-CV-01546, 2012 WL 3780312, at *2 (S.D. Tex. Aug. 31, 2012).
[27] *Id.* at *6 (emphasis in original).
[28] *Id.*
[29] *See Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 845 (S.D. Tex. 2001) (granting motion to remand and explaining how "Texas law recognize[es] a cause of action against an individual insurance adjuster or agent for acts taken in the course of employment, for which the insurer/employer is also liable"); *see also Centaurus Inglewood, LP v. Lexington Ins. Co.*, 771 F. Supp. 2d 667, 671–72 (S.D. Tex. 2011) (granting remand because insurance adjuster may be held liable under insurance code for improper adjustment of claim).
[30] *Miller v. Keyser*, 90 S.W.3d 712, 718 (Tex. 2002); *see also Esteban v. State Farm Lloyds*, 23 F. Supp.

13. If the Court finds a reasonable basis to predict that Plaintiffs can potentially recover on even one of the causes of action asserted against Kirn, the Court must remand the entire case.[31]

**Plaintiff's allegations are neither sparse nor conclusory.**

14. Defendant contends Plaintiffs' claims are "naked assertions devoid of further factual enhancement."[32] Defendant's contention is without merit as Plaintiffs' Petition contained sufficient facts to give the Defendant fair notice of what the claim is and the grounds upon which it rests, thus meeting the federal pleading standards.[33]

15. Here, Plaintiffs' petition alleges, in part, the following:

- On or before March 17, 2016, Peleus sold a commercial property insurance policy bearing Policy No. 723-1426870415-00 (the "Policy") to Mercury whereby Peleus would provide insurance coverage for the property located at 3740 Little Road, Arlington, Texas 76016, also referenced as 3808 Little Road, Arlington, Texas 76016 (the "Property") in exchange for the timely payment of premiums (the "Policy"). The property consists of several apartment buildings owned by Mercury. The Policy was sold by Peleus to Mercury as the insured under the policy and purports to provide coverage for damages to the Property caused by wind and hail.

- On or about March 17, 2016, Plaintiffs' property was substantially damaged by a severe wind and hail storm that struck Tarrant County. As a result, the roofs, exteriors, and interiors of the property were substantially damaged. Immediately upon discovering the damages, Plaintiffs filed an insurance claim under the Policy with Peleus for damage to the Property caused by the wind and hail storm. Plaintiffs asked that the cost of repairs be covered pursuant to the Policy.

- Peleus is the insurer of the Property. In response to the catastrophe claim, the Carrier assigned adjusters, consultants, and agents to Plaintiffs' file that were inadequate and improperly trained. More specifically, Peleus assigned Plaintiffs' claim to Engle Martin who in turn assigned its employee Ridge Kirn to adjust the damages under the policy.

---

3d 723, 728–29, 733 (N.D. Tex. 2014) (granting remand and thoroughly explaining adjuster liability under Texas law).
[31] *Martinez*, 2016 WL 4427489, at *2 citing *Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056-M, 2013 WL 5637539, at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)).
[32] Defendants Notice of Removal at 7
[33] Fed. R. Civ. P. 8(b)(2); *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted) as cited in *Plascencia,* 2014 WL 11474841, at *4.

- Engle Martin and Kirn failed to perform a thorough investigation of the claim. Kirn inspected the property on March 28, 2016. He performed a substandard inspection of the Property. Kirns' estimate grossly underestimated the extent and value of the damages to the Property. Kirn failed to hire any Texas-licensed and qualified engineers or experts to appropriately assess the damage. Kirn delayed the claims process and failed to communicate with the insured. Kirn also misrepresented the Policy's coverage. Engle Martin and Kirn performed an inadequate, incomplete and unreasonable investigation of Plaintiffs' claim, which is evidenced by their delays, lack of communication, refusal to hire the appropriate consultants, and rendering an estimate that fails to account for the necessary repairs for the property.

- Peleus relied exclusively on Engle Martin and Kirn in determining what amounts, if any, to pay on Plaintiffs' claim and failed to perform its own adequate investigation.

- Peleus, Engle Martin, and Kirn wrongfully underpaid and denied large portions of Plaintiffs' claims for property repairs. Furthermore, Defendants underestimated what damages they did accept during the investigation. Defendants represented to Plaintiffs that certain damages were not covered under the Policy when in fact they were. As a result, Mercury has not been fully paid under the Policy provided by Peleus since the hail storm. Mercury was forced to hire its own consultant to independently evaluate the damages to the Property because Defendants refused to do so. Plaintiffs' own expert has identified substantial damage far beyond what Peleus acknowledged. To this day, Peleus refuses to pay for the necessary repairs to the Property as required under the Policy.

- As a result of Defendants' acts and/or omissions, Plaintiffs were required to retain an attorney to prosecute its claim for insurance benefits.

- Unfortunately, Defendants have delayed payment for Plaintiffs' necessary and covered property repairs under the insurance policy that Peleus wrote. Given the repeated delays of payment, Plaintiffs have been subjected to significant economic impact, worry, distress, and continuing economic and physical damage. Because of Defendants' delays, denials, and underpayment, Plaintiffs have been unable to make necessary repairs to the Property which has resulted in further damages to the Property, including additional interior and roof damage, among other damage. In addition, Plaintiffs have suffered financial harm and damage as a result of Defendants' denials and repeated delays. The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.[34]

16.  The state of the law is clear and the asserted causes of actions against Kirn are specific. They include specific factual statements of misconduct which, if proven true, result in

---

[34] *See* Appendix at p. 1-11

8

liability under Chapter 541 of the Insurance Code and the DTPA.[35] Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests,"[36] Plaintiffs' Original Petition contained sufficient facts to state a claim to relief that is plausible on its face and provided more than a mere possibility of recovery.[37] "The focus in improper joinder cases is on the plaintiffs' possibility of success in state court.[38] Rule 12(b)(6) cases decide whether relief is "plausible" in federal court."[39] The allegations contained in the state court petition meet the federal pleading requirements and subject Kirn to individual liability under Texas law. There is no doubt that Defendants ascertained from the pleading the nature and issues of the controversy or could reasonably infer Plaintiffs' claims against them from what was stated. Furthermore, Plaintiffs complain of Defendants' wrongful denials of their claim, an underestimation of damages and the failure to reasonably and promptly conclude the claim, among other things. This, along with the asserted causes of actions of Insurance Code, DTPA and prompt payment violations, satisfies the federal pleading standard.

17.     At this stage, the Court "do [es] not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so."[40] If there is "a reasonable basis of recovery on one cause of action, the court must

---

[35] *Gasch*, 491 F.3d at 282; *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486–87 (Tex. 1998)
[36] *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). *Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.*, No. 4:15-CV-568-A, 2016 WL 524597, at *1 (N.D. Tex. Feb. 5, 2016).
[37] *Twombly*, 550 U.S. at 556.
[38] *Id.*
[39] *Twombly*, 550 U.S. at 570 as cited in *Smith v. Shred-It USA*, No. 3:10-CV-831-O-BK, 2010 WL 3733902, at *2 (N.D. Tex. Sept. 23, 2010)
[40] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005).

remand the entire suit to state court."[41] "Assuming that all the factual allegations are true, even if doubtful, the complaint must raise the right to relief above the speculative level."[42] Although discovery will present an opportunity to flesh out Plaintiffs' claims, the allegations in Plaintiffs' petition are sufficient to warrant remand back to state court because the allegations against Kirn, if proven true, certainly create a reasonable probability that Plaintiffs could recover from him.[43]

   *C. Plaintiffs Do Allege Actionable Claims Against Kirn for violations of §541.060 under the facts alleged.*

   18.   Defendant, citing *Messersmith v. Nationwide Mutual Fire*, contends Plaintiffs' allegations against Kirn must fail as the courts of this District have held that adjusters cannot be held liable for violations of §541.060 as asserted in Plaintiffs' Petition. In *Messersmith v. Nationwide Mutual Fire*, this Court found that the adjuster, Zimmer, could not be held liable because, as an adjuster, Zimmer did not have settlement authority on behalf of the insurer; her sole role was to assess the damage.[44] Defendant, citing *Mainali Corp. v. Covington Specialty Ins. Co.*, similarly argues Plaintiffs cannot recover under Insurance Code §541.060(a)(7) because courts of the Northern District have recognized:

> Like [§ 541.060(a)(2)] the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.[45]

   19.   It is well-settled Texas law that an adjuster is subject to individual liability under

---

[41] *Edwea, Inc. v. Allstate Ins. Co.*, No. CIV.A. H-10-2970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010) as cited in *Lopez*, 2016 WL 3671115, at *2
[42] *Smith*, 2010 WL 3733902, at *2 citing *Twombly.*, 550 U.S. at 570.
[43] S*ee Hutchens*, 2014 U.S. Dist. LEXIS 116839, at *10; *Blanchard*, 206 F. Supp. 2d at 845 (granting motion to remand and explaining how "Texas law recognize[es] a cause of action against an individual insurance adjuster or agent for acts taken in the course of employment, for which the insurer/employer is also liable"); *see also Centaurus Inglewood, LP*, 771 F. Supp. 2d at 671–72 (granting remand because insurance adjuster may be held liable under insurance code for improper adjustment of claim).
[44] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014).
[45] *Mainali Corp.*, 2015 WL 5098047, at *4(quoting *Messersmith*, 10 F. Supp. 3d at 725).

the Texas Insurance Code and the DTPA.[46] Chapter 541 Subchapter A of the Texas Insurance Code prohibits any "person" from engaging in deceptive practices in the business of insurance.[47] A "person" is defined as "any individual, corporation, association, partnership . . . including agents, brokers, *adjusters,* and life insurance counselors."[48] Further, Chapter 541 expressly provides a cause of action for any practice "specifically enumerated in a subdivision of Section 17.46 of the DTPA."[49]

20. The Northern District, Dallas Division examined this very issue in *Linron Properties, Ltd. v. Wausau Underwriters Ins. Co.*, where the court found that, despite the abundance of case law supporting adjuster liability under § 541.060, a few courts had questioned the appropriateness of holding an adjuster individually liable for unfair settlement practices under § 541.060 reasoning "an adjuster 'does not have settlement authority' and the adjuster's 'sole role is to assess the damage.'"[50] These courts' conclusions are not consistent with the precise language of § 541.060(a)(2)(a) and the role played by insurance adjusters in the claims handling process.[51] Similarly, in *Denley Group, L.L.C. v. Safeco Ins. Co. of Indiana*, the court

---

[46] *See Liberty Mut. Ins. Co.*, 966 S.W.2d at 485
[47] TEX. INS. CODE ANN. § 541.003 (Vernon 2010); *see also Gasch*, 491 F.3d at 282.
[48] TEX. INS. CODE ANN. § 541.002 (Vernon 2010) (emphasis added); *see also Liberty Mut. Ins. Co.*, 966 S.W.2d at 486–87 (the definition of a "person" engaged in the business of insurance in Chapter 541, Subchapter A, is not limited to insurers, but includes individuals and company employees, including adjusters); *Gasch*, 491 F.3d at 283–84 (an adjuster can be held liable under the Texas Insurance Code).
[49] TEX. INS. CODE ANN. § 541.151(2) (Vernon 2010).
[50] *Messersmith*, 10 F. Supp. 3d at 724*; see also One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014) (citing *Messersmith*, 10 F. Supp. 3d at 724) as cited in *Linron Properties, Ltd. v. Wausau Underwriters Ins. Co.*, No. 3:15-CV-00293-B, 2015 WL 3755071, at *4–5 (N.D. Tex. June 16, 2015).
[51] "As the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about the "prompt, fair, and equitable settlement" of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based. *See Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0750-D, 2013 WL 2149589, at *5 (N.D. Tex. May 17, 2013) ("Adjusters play a role in the investigation, estimation, and settlement of insurance claims."); *Vargas v. State Farm Lloyds,* 216 F.Supp.2d (S.D.Tex.2002) (noting that the adjuster "engages in the business of insurance by investigation, processing, evaluating, approving, and denying claims"). As such, a delay in an adjuster's investigation will undoubtedly cause a delay in the payment of

explained why those cases are wrongly decided.

> The statute specifically prohibits "failing to attempt in good faith to *effectuate* a prompt, fair, and equitable settlement." (Emphasis added).[52] The court reasoned that the word "effectuate" means "to cause to come into being" or "to bring about." The court reasoned, "The fact that the statute uses the word 'effectuate' rather than a word that conveys finality (e.g., finalized), suggests that its prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim." *5. The plaintiff alleged sufficient facts that the adjuster violated this prohibition by retaining an engineering contractor known for arriving at pro-insurer findings, refusing to identify damage, and failing to respond to inquiries regarding the status of the claim. The court therefore granted the motion to remand, finding no improper joinder of the adjuster.[53]

21. Both the Texas Supreme Court and the Fifth Circuit have recognized that an insurance adjuster may be held individually liable for violating chapter 541 of the Insurance Code.[54] Following their lead, numerous lower courts have specifically found that an adjuster may be held personally liable for engaging in unfair settlement practices under provision 541.060 of the Texas Insurance Code.[55] District courts within the Fifth Circuit have held insurance adjusters at least potentially liable for their actions.[56]

---

the claim, and an insufficient investigation may well lead to a less than fair settlement of a claim." *Linron Properties, Ltd.*, 2015 WL 3755071, at *4–5

[52] *Denley Grp., LLC v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1183-B, 2015 WL 5836226 (N.D. Tex. Sept. 30, 2015) (granting motion to remand).

[53] Id. *See also Glidewell v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1099-G (N.D. Tex. Aug. 13, 2015) (finding no improper joinder of adjuster and remanding.

[54] *Liberty Mut. Ins. Co.*, 966 S.W.2d at 486 (concluding based on chapter 541's definition of a "person" that an individual employee of an insurance company may be held liable for violations of the chapter, so long as the employee is "engage[d] in the business of insurance"); *Gasch*, 491 F.3d at 282 ("Texas law clearly authorizes [chapter 541] actions against insurance adjusters in their individual capacities.") (citing *Liberty Mut. Ins. Co.*, 966 S.W.2d at 486) as cited in *Linron Properties, Ltd.*, 2015 WL 3755071, at *4.

[55] *See Esteban*, 23 F. Supp. 3d at 729–31; *Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *4 (N.D. Tex. Nov. 8, 2012); *Campbell v. Hartford Lloyd's Ins. Co.,* 3:05–CV–1180–B (N.D.Tex. Nov. 29, 2005) (Boyle, J., presiding); *Blanchard*, 206 F. Supp. 2d at 847; *Shipley v. Nat'l Fire Ins. of Hartford*, No. CA3:95-0972-BC, 1998 WL 355493, at *3 (N.D. Tex. June 25, 1998) (Boyle, J., presiding). *Linron Properties, Ltd.*, 2015 WL 3755071, at *4.

[56] *Constellation NewEnergy, Inc. v. F.D.I.C. ex rel. Washington Mut. Bank*, 771 F. Supp. 2d 63, 66, 670–71 (D.D.C. 2011) (finding unpersuasive defendants' arguments that plaintiff could not state a claim under the Texas Insurance Code against defendants because they were independent adjusters); *Campos v. Am. Bankers Ins. Co. of Florida*, No. CIV.A. H-10-0594, 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010); *Lindsey-Duggan, LLC v. Philadelphia Ins. Companies*, No. CIVA SA-08-CA-736-FB, 2008 WL

### *D. Kirn can be held liable for violations of §541.061 under the facts alleged.*

22.     Defendant, citing three paragraphs from Plaintiffs' Petition, contends Plaintiffs' claims against Kirn under §541.061 fail based on Plaintiffs' "boilerplate allegations." Defendant cites these three paragraphs indicating they are too conclusory to provide the Court with a reasonable basis to predict Plaintiffs can recover against Kirn for §541.061(1)-(3). Defendant quoted the specific allegations contained in paragraphs 5.6-5.8 while ignoring the more detailed facts alleged as "General Allegations."[57] Plaintiffs specifically alleged, among other things, that Defendant underestimated what damages they did accept during the investigation representing that certain damages were not covered under the Policy when in fact they were.[58]

23.     Plaintiffs' allegations do more than merely set forth a theoretical possibility that Kirn could be held accountable. The allegations, taken as a whole, provide sufficient information from which one could reasonably infer a cause of action against Kirn under sections §541.061 of the Texas Insurance Code.

### *E. Kirn can possibly be held liable for violations of § 542 of the insurance code.*

24.     Defendant, again citing *Messersmith*, claims Plaintiffs have failed to establish a reasonable probability of recovery from Kirn under any section of Chapter 542 of the Insurance Code because the courts of this District have noted the Prompt Payment of Claims Act only applies to insurers and not individual adjusters.

25.     Whether the plaintiffs have stated a valid state law cause of action depends upon and is tied to the factual fit between Plaintiffs' allegations and the pleaded theory of recovery.[59] In

---

5686084, at *2–3 (W.D. Tex. Dec. 15, 2008); *Simmons v. Northfield Ins. Co.*, No. 4:15-CV-374, 2015 WL 5162369, at *3 (E.D. Tex. Sept. 2, 2015).
[57] See Appendix at p. 3-6
[58] *Id*. at 7
[59] *Peveto v. Invista S.A. R.L*, No. 1:16-CV-3, 2016 WL 4917565 (E.D. Tex. Sept. 15, 2016) citing *Young v. Travelers Pers. Sec. Ins. Co.*, No. 4:16-CV-235, 2016 WL 4208566, at *3 (S.D. Tex. Aug. 10, 2016)

conducting this analysis, the district court must resolve all contested issues of fact and ambiguities of state law in favor of the plaintiff and remand.[60] In this case, Plaintiffs allege specific facts that support the allegations that Kirn delayed payment of Plaintiffs' claim. As an adjuster, Kirn played a crucial role in the delays surrounding Plaintiffs' claim as he was not only the assigned adjuster on the claim making him responsible for the investigation, but he also wrote the estimate upon which Peleus relied.[61]

26.     While §542.055 does not specifically extend liability to adjusters, it does not exclude it either. Many of the cases cited by both parties included allegations under §541 and §542. However, the respective courts failed to analyze the §542 claims. For example, in *Simmons v. Northfield*, plaintiff alleged causes of action under §541 and §542; however, the court upon finding the allegations under §541 to be sufficient, held the defendant failed to meet their burden and remanded the case accordingly without addressing the allegations under §542 of the Insurance Code.[62]

27.     At this stage, the Court "do [es] not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so."[63] If there is "a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court."[64]

### F. Plaintiffs can possibly recover punitive damages for bad faith from Kirn

28.     Defendant incorrectly contends Plaintiffs did not assert a claim against Kirn for the common-law duty of good faith and fair dealing. Defendant cites *Natividad v. Alexsis* for the

---

Quoting *Griggs v. State Farm Lloyd's*, 181 F.3d 644, 647 (5th Cir. 1999); *Mainali Corp.*, 2015 WL 5098047 at *5.
[60] *Peveto,* 2016 WL 4917565 citing *Young*, 2016 WL 4208566, at *3 *Citing Gasch*, 491 F.3d 278.
[61] *See* Appendix at p. 6.
[62] *Simmons v. Northfield Ins. Co.*, No. 4:15-CV-374, 2015 WL 5162369, at *3 (E.D. Tex. Sept. 2, 2015).
[63] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005).
[64] *Edwea, Inc.*, 2010 WL 5099607, at *2 as cited in *Lopez*, 2016 WL 3671115, at *2

court's holding that agents and contractors hired by a carrier are not held to the common law duty of good faith and fair dealing. In *Natividad*, a worker's compensation case, the Texas Supreme Court did not apply the duty of good faith and fair dealing to the adjuster in the case. The Court's reasoned it was "…the existence of a contract, vesting the insurer with 'exclusive control over the evaluation, processing, and denial of claims,'" that gave rise to the "special relationship" that was a necessary element of the non-delegable duty of good faith and fair dealing.[65] While that may have been true based on the duties of the adjuster in the worker's compensation claim, that reasoning does not apply to the case at hand where the insurer delegated some of its control over the evaluation, processing, and denial of claims when it hired Engle Martin who then assigned Ridge Kirn to handle evaluation of the claim. It was Kirn who investigated the claim, inspected the property and drafted the estimate; as such, the insurer did not have exclusive control over the matters that gave rise to the abovementioned special relationship.

29. The *Natividad* court further elaborated indicating that "the duty of good faith and fair dealing emanates from the special relationship between the parties and not from the terms of the contract, therefore its breach gives rise to tort damages and not simply to contractual liability."[66] This elaboration supports Plaintiffs' claims as Kern, rather than Peleus, controlled the evaluation of the claim and thus shared control over the undervaluation of the claim. As such, there is a possibility that Plaintiffs can potentially recover on their §542 claims.

### G. Evidence Supports Liability of Kirn.

---

[65] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697 (Tex. 1994) citing *Arnold v. Nat'l Cty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) *holding modified by Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex. 1990).
[66] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697–98 (Tex. 1994); *See Viles v. Sec. Nat. Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990) Contrary to suggestions by the Dissent, our opinion today does not deviate from our earlier opinion in *Chitsey*, 738 S.W.2d at 643 n. 1, that the duty of good faith and fair dealing is not an implied covenant, but a duty imposed by law.

30.     Notwithstanding the proper pleading, evidence supports Plaintiffs' claims against Texas Defendant Kirn. In conducting its Rule 12(b)(6)-type analysis, when a plaintiff's petition omits or misstates facts, the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a possibility of recovery under state law exists against the in-state defendant.[67]

31.     After the claim was reported, Kirn was assigned as the individual adjuster responsible for Plaintiffs' claim.[68] It was Kirn who individually investigated, adjusted and evaluated Plaintiffs' claim as demonstrated by the evidence. Kirn was the point of contact and delays throughout the claims process were largely associated with Kirn's lack of communication to Plaintiffs.[69]  Kirn was the adjuster assigned to the claim with decision-making authority over the amount of damages.[70] Kirn's estimate grossly underestimated the extent and value of the damages to the property.[71] The amount that has been paid on the insurance claim pursuant to Kirn's investigation and estimate of damages was not sufficient to cover all of Plaintiffs' actual damages.[72] Based on Kirn's actions and/or omissions, Plaintiffs have not been fully compensated on their claim.

32.     Defendants failed to suggest or provide any evidence in its removal that Kirn did not adjust Plaintiffs' claim. By contrast, Plaintiffs have provided evidence demonstrating that Kirn's handling of the claim directly precipitated the filing of this lawsuit. Kirn was a "person" engaged in the business of insurance and a cause of action under Texas law exists under these

---

[67] *Smallwood*, 385 F.3d at 573.
[68] *See* Appendix at p. 79.
[69] *Id*. at 103-104
[70] *Id.*
[71] *Id*. at 79-99.
[72] *Id.*

precise circumstances.[73] Not only has Peleus failed to meet its burden in proving *no* possibility of recovery exists against Kirn, but the opposite is true—evidence demonstrates Kirn is exposed to liability under Texas law for his involvement in the underlying insurance claim that gave rise to this matter. If the Court finds a reasonable basis to predict that Plaintiff can potentially recover on even one of the causes of action asserted against Kirn, the Court must remand the entire case.[74]

### H. Amount in controversy is moot as Plaintiffs have satisfied the federal pleading requirements.

33. While the amount in controversy requirement for diversity jurisdiction is satisfied, the petition has satisfied the federal pleading requirements and as such, the case should be remanded.

34. Given the allegations in Plaintiffs' state court pleading, in addition to the evidence before this Court, there can be no legitimate basis for the delay imposed by the improvident removal of this case. Causes of action properly exist against Texas Defendant Kirn and Peleus has not met its heavy removal burden in proving otherwise. Therefore, this case should be remanded.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this cause be remanded for all further proceedings to the 134th Judicial District Court of Dallas County, Texas and for such other and further relief to which Plaintiffs may be properly and justly entitled.

Respectfully Submitted,

**RAIZNER SLANIA LLP**

---

[73] *Gasch*, 491 F.3d at 283–84.
[74] *Martinez v. State Farm Lloyds*, No. 3:16-CV-00040-M, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016) citing *Smith-Manning v. State Farm Lloyds*, 2013 WL 5687539, at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)).

 

                _____
                JEFFREY L. RAIZNER
                State Bar No. 00784806
                ANDREW P. SLANIA
                State Bar No. 24056338
                AMY B. HARGIS
                State Bar No. 24078630
                efile@raiznerlaw.com
                2402 Dunlavy St.
                Houston, Texas 77006
                Phone:  713.554.9099
                Fax: 713.554.9098

                **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF CONFERENCE**

I, the undersigned attorney, do hereby certify that counsel for Plaintiffs conferred with counsel for Defendant and an agreement on the requested relief could not be reached.

_____
JEFFREY L. RAIZNER

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished via ECF/electronic filing, U.S. Mail and/or facsimile to all counsel of record on October 6th, 2016.

Steven J. Badger  
Bar No. 01499050  
sbadger@zelle.com  
James W. Holbrook, III  
Bar No. 24032426  
jholbrook@zelle.com  
Tyler J. McGuire  
Bar No. 24098080  
tmcguire@zelle.com  
901 Main Street, Suite 4000  
Dallas, Texas 75202-3975  
Telephone: (214) 742-3000  
Facsimile: (214) 760-8994  
**ATTORNEY FOR DEFENDANT**  
**PELEUS INSURANCE COMPANY**

_____  
JEFFREY L. RAIZNER