IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MERCURY MULTIFAMILY MANAGEMENT LLC, et al., § § § § Plaintiffs, § § VS. § PELEUS INSURANCE COMPANY, et al., § § § § Defendants. § | Civil Action No. 3:16-CV-2557-D |

MEMORANDUM OPINION
AND ORDER

In this insurance dispute, plaintiffs Mercury Multifamily Management, LLC and Mercury Metroplex Real Estate II, LLC (collectively, "Mercury") move to remand this case based on a lack of complete diversity. Defendant Peleus Insurance Company ("Peleus") opposes the motion, contending that codefendant Ridge Brenton Kirn ("Kirn") has been improperly joined in order to defeat diversity. For the reasons that follow, the court holds that Peleus has met its heavy burden of establishing improper joinder, and it denies the motion to remand.

I

In March 2016 a storm allegedly damaged Mercury's property in Tarrant County. Mercury insured the property under a commercial property insurance policy issued by Peleus (the "Policy"). Mercury filed a claim with Peleus under the Policy, and Peleus assigned codefendant Engle Martin & Associates, Inc. ("Engle Martin") to adjust the claim. Engle

Martin, in turn, assigned the claim to its employee, Kirn, for adjustment. As an adjuster, Kirn investigated the damage and prepared a report for Peleus. Mercury alleges that Kirn failed to perform a thorough investigation and undervalued the damages to the properties, resulting in Peleus underpaying the claim.

Mercury filed a lawsuit in state court against Peleus, Engle Martin, and Kirn, alleging multiple violations of Texas Insurance Code and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). Peleus, a Virginia citizen, timely removed the case based on diversity jurisdiction.[1] Mercury, a Texas citizen, moves to remand, contending that the parties are not completely diverse because Kirn is also a Texas citizen. Peleus opposes the motion and maintains that Kirn has been improperly joined.

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks omitted). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted). Moreover, under 28 U.S.C. § 1441(b)(2), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is citizen of the state in which the action is brought (here, Texas).

---

[1] Engle Martin, who is alleged to be a Georgia citizen, consented to removal.

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *2 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See Smallwood*, 385 F.3d at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). Thus the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

"Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court." *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue in this case—the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery").

When deciding whether a defendant has been improperly joined, a federal court applies the federal pleading standard. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although "the

pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 566 U.S. at 678 (quoting *Twombly* 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U .S. at 555).

### III

#### A

Peleus asserts that Kirn—a Texas citizen—has been improperly joined because Mercury has not alleged a reasonable basis for the court to predict that Mercury can recover against Kirn, and that his presence should therefore be ignored in determining diversity jurisdiction. Relying on the Rule 12(b)(6) standard described above, Peleus maintains that Mercury's allegations do not state a claim against Kirn because they are too conclusory to demonstrate a plausible right to relief, and that the allegations against Kirn are not actionable as a matter of Texas law.

#### B

Peleus has met its heavy burden of demonstrating that there is no reasonable basis to predict that Mercury might be able to recover against Kirn. Mercury alleges that Kirn committed the following violations of Tex. Ins. Code Ann. § 541, made actionable under § 541.151: § 541.002(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7), 541.061(1), 541.061(2), and 541.061(3). Mercury also alleges violations of § 542 and of the DTPA.

Section 541.002(1) is a definition section and does not impose any liability.

Section 541.060(a)(2)(A) prohibits failing to attempt to fairly and promptly settle a claim when it becomes "reasonably clear" that the insurer is liable. *Ministerio Int'l Lirios*

*Del Valle v. State Farm Lloyds*, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) (Fitzwater, J.); *see also Meritt*, 2016 WL 931217, at *4; *Messersmith*, 10 F.Supp.3d at 724. Kirn is an adjuster, and "[a]n adjuster cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer." *Id*. (quoting *Meritt*, 2016 WL 931217, at *4) (internal quotation marks omitted).

Kirn also cannot be held liable under § 541.060(a)(3). "[A]n adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." *Ministerio*, 2016 WL 5791550, at *3 (quoting *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.)).

Mercury cannot recover against Kirn under § 541.060(a)(7).

> Like [§ 541.060(a)(2)] the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

*One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 725).

Nor can Kirn be liable under § 541.061, which prohibits misrepresentation of policy provisions by

> (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; [or] (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

Mercury's petition simply recites the relevant portions of § 541.061, together with the conclusory allegation that "Defendants represented to Plaintiffs that certain damages were not covered under the Policy when in fact they were." Pet. 5, at ¶ 4.5. Under the federal pleading standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Vasquez v. Wal-Mart. Assocs., Inc.*, 2012 WL 2715691, at *4 (N.D. Tex. July 9, 2012) (Fish, J.) (concluding there was no cause of action under § 541.061 where plaintiff did not allege untrue statements made by adjuster about policy).[2]

Kirn cannot be held liable under any provision of Chapter 542.[3] Chapter 542 applies only to specifically listed "insurers," and Kirn, an adjuster, is not an insurer. *See Ministerio*, 2016 WL 5791550, at *4 (holding that adjuster could not be held liable under § 542.003(b)(5) because adjuster is not an insurer); *see also Mainali*, 2015 WL 5098047, at *6 (citing Tex. Ins. Code Ann. § 542.002).

Finally, Mercury has made no allegation to support its cause of action under the DTPA. Its sole justification as to Kirn is that his alleged violations of the Texas Insurance Code are also causes of action under DTPA. Having concluded that Kirn cannot be held liable under any of the asserted provisions of the Insurance Code, no plausible claim arises

---

[2]In its brief, Mercury states that Kirn's underestimation of damages also qualifies as a misrepresentation. The court disagrees. *See Vasquez*, 2012 WL 2715691, at *4 (concluding there was no cause of action under § 541.061 where plaintiff did not allege untrue statements made by adjuster about policy).

[3]Mercury alleges violations of § 542.055(a)(1), 542.055(a)(2)-(3), 542.056(a), and 542.058(a).

under the DTPA.

C

Mercury also pleads a claim for "Punitive Damages for Bad Faith." Pet. 9, at ¶ 10.2. Under Texas law, however, "an award of punitive damages is not a separate cause of action. Instead, it remains dependent on the liability verdict from which the award of compensatory damages arises." *Sulzer Carbomedics, Inc. v. Or. Cardio-Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001) (citations and internal quotation marks omitted). Because Peleus has shown that there is no reasonable basis to predict that Mercury might be able to recover against Kirn for compensatory damages, Peleus has likewise shown that there is no reasonable basis to predict that Mercury might be able to recover against Kirn for punitive damages.

D

Accordingly, because Peleus has met its heavy burden of demonstrating that Kirn has been improperly joined, Kirn's Texas citizenship can be disregarded for purposes of determining diversity of citizenship and removability. Because Mercury, on the one hand, and Peleus and Engle Martin on the other hand, are completely diverse citizens, Mercury's motion to remand must be and is denied.

* * *

For the reasons explained, Mercury's motion to remand is denied.

**SO ORDERED**.

November 30, 2016.

                                                    _____
                                                    SIDNEY A. FITZWATER
                                                    UNITED STATES DISTRICT JUDGE